Charles C. Sipos (SBN 348801)
CSipos@perkinscoie.com
Jonathan P. Hawley (SBN 319464)
JHawley@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

*Attorneys for Defendants*
*Internet Referral Services, LLC and*
*Red Dog Media, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALLYSON SEITZLER, an individual, on behalf of herself and all other individuals,

Plaintiff,

v.

INTERNET REFERRAL SERVICES, LLC; RED DOG MEDIA, INC.; TICKET FULFILLMENT SERVICES L.P.; and VIVID SEATS INC.,

Defendants.

Case No. '25CV3149 JO MSB

**DEFENDANTS INTERNET REFERRAL SERVICES, LLC AND RED DOG MEDIA, INC.'S NOTICE OF REMOVAL**

**Complaint Filed: October 7, 2025**

Defendants Internet Referral Services, LLC and Red Dog Media, Inc. (the "Removing Defendants") respectfully notify the Court that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, they hereby remove this case from the Superior Court of California, County of San Diego (the "State Court"), to the U.S. District Court for the Southern District of California. The Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also id.* § 1453(b).

In support of this notice of removal and the Court's jurisdiction, the Removing Defendants state as follows:

## THE STATE COURT ACTION

1. On October 7, 2025, Plaintiff Allyson Seitzler filed a putative class-action complaint in the State Court captioned *Allyson Seitzler v. Internet Referral Services, LLC et al.*, No. 25CU054014C (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached to this notice as **Exhibit 1**. Copies of the State Court's docket and other filings in the action are attached as **Exhibit 2**.

2. The Removing Defendants acknowledged receipt of the Complaint through counsel and service was deemed complete on October 21, 2025.

3. Plaintiff purports to bring this action on behalf of a class of California consumers who placed orders through Tickets-Center.com (the "Website"). *See* Ex. 1 ¶¶ 1, 69. Plaintiff alleges that she "does not know the exact number of Class members; however, given the nature of the claims and the number of complaints, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable." *Id.* ¶ 72.

4. Plaintiff generally alleges that the Website is deceptive, employing misrepresentations that entice consumers to place orders under false pretenses and "enable Defendants to charge consumers hefty premium prices for the tickets." *Id.* ¶¶ 1–6. She further alleges that, "[h]ad she been aware of the misrepresentations . . . , she would not have purchased tickets from Defendants nor paid the premium prices and fees Defendants charged." *Id.* ¶ 8.

5. Plaintiff claims violations of California's Consumers Legal Remedies Act, Unfair Competition Law, and False Advertising Law. *Id.* ¶¶ 9, 79–117. She seeks "equitable relief including restitution, public injunctive relief to protect the general public, and any other relief deemed appropriate by the court to which this case is assigned." *Id.* ¶ 9; *see also id.* at 19–20 (prayer for relief including "[a]n award of disgorgement for Class members"; "reasonable costs and expenses of suit, including their attorneys' fees"; and "prejudgment and post-judgment interest").

## GROUNDS FOR REMOVAL

6. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a).

### I. This action is removable under CAFA.

7. This action is removable because the Court has original jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d); *see also id.* § 1453(b) (setting procedure for removing class actions).

8. CAFA gives federal courts original jurisdiction over putative class actions in which (A) the number of proposed class members is 100 or more; (B) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (C) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2), (5)(B). For the following reasons, and as shown in the declaration attached as **Exhibit 3**, these requirements are satisfied and this action is removable.

#### A. The putative class comprises more than 100 members.

9. This is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. Plaintiff's proposed class is defined as "[a]ll residents of California, who, within four years prior to the filing of this Complaint [i.e., between October 7, 2021, and October 7, 2025], made a purchase from the Website for purposes other than resale." Ex. 1 ¶ 69.

11. The Removing Defendants estimate that, during the relevant time period, more than 100 California residents placed orders through the Website. Ex. 3 ¶ 4. Plaintiff's putative class therefore comprises the requisite number of members.

**B. The aggregate amount in controversy exceeds $5 million.**

12. CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a class-action complaint does not expressly allege that more than $5 million is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). In the Ninth Circuit, a removing defendant's notice of removal "need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citation modified). If a defendant's allegations of removal jurisdiction are challenged, then the defendant's showing on the amount in controversy may rely on reasonable assumptions. *Id.*; *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 965 (9th Cir. 2020) (denying challenge to removal where underlying assumptions regarding amount in controversy were not unreasonable).

13. Plaintiff's requested relief—her entitlement to which the Removing Defendants dispute—places over $5 million in controversy. Among other things, Plaintiff seeks "restitution" for herself and the putative class members and "disgorgement of the funds by which Defendants were unjustly enriched." Ex. 1 ¶¶ 9, 91, 110, 117; *see also id.* at 19–20 (prayer for relief). Because Plaintiff alleges that she "and the other Class members . . . b[ought] products that they would not have purchased absent" Defendants' allegedly unlawful conduct, *id.* ¶¶ 8, 57, 98, 105, she therefore seeks restitution or disgorgement of the amount she and the putative class members spent on Website orders during the past four years. As estimated in the accompanying declaration, the total amount paid by California consumers for Website orders during the relevant time period exceeded $5 million. Ex. 3 ¶ 4; *see also Nathan v. Fry's Elecs. Inc.*, 607 F. App'x 623, 623 (9th Cir. 2015) (accepting

declaration from company representative that relevant sales in California exceeded $5 million). Accordingly, CAFA's amount-in-controversy requirement is satisfied.

**C. The parties are minimally diverse.**

14. Under CAFA, parties are minimally diverse where "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

15. Here, Plaintiff alleges that she is a citizen of California. *See* Ex. 1 ¶ 14. She further acknowledges that Red Dog is a citizen of Nevada. *See id.* ¶ 23 (alleging that Red Dog "is a foreign corporation organized under the laws of the state of Nevada" and "headquartered in Henderson, Nevada"); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"); *see also* Ex. 3 ¶ 3 (confirming that Red Dog is incorporated and headquartered in Nevada). At least one putative class member is a citizen of a state different from a defendant, and CAFA's minimal-diversity requirement is therefore met.

* * *

16. Because Plaintiff's putative class contains more than 100 members, more than $5 million is in controversy, and the parties are minimally diverse, the Court can exercise jurisdiction over this action pursuant to CAFA, and removal is therefore proper.[*]

## II. Venue and intra-district assignment are proper

17. The San Diego Division of the U.S. District Court for the Southern District of California is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the State Court where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

[*] Additionally, this action does not fall within any exclusions to removal jurisdiction described in 28 U.S.C. § 1332(d) and 1453(d).

### III. The Removing Defendants have satisfied all other requirements for removal.

18. True and correct copies of all process, pleadings, and orders served on the Removing Defendants are being filed herewith. *See* 28 U.S.C. § 1446(a); Exs. 1–2.

19. This notice is timely: The Removing Defendants were served, *see supra* ¶ 2, and this notice is filed within thirty days of that service, *see* 28 U.S.C. § 1446(b)(1).

20. Although the consent of all Defendants is not required for CAFA removal, *see id.* § 1453(b), counsel for the Removing Defendants conferred with counsel for Defendants Ticket Fulfillment Services L.P. and Vivid Seats Inc., and all Defendants consent to the removal of this action.

21. Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will promptly serve on Plaintiff and file with the State Court a copy of this notice.

## RESERVATION OF RIGHTS AND DEFENSES

22. The Removing Defendants expressly reserve all their defenses and rights, and none of the foregoing shall be construed in any way as conceding the truth of any of Plaintiff's allegations or waiving any of the Removing Defendants' defenses.

## CONCLUSION

23. WHEREFORE, the Removing Defendants request that the Court consider this notice of removal as provided by law governing the removal of cases, take such steps as are necessary to achieve the removal of this matter to this Court from the State Court, and make such other orders as appropriate to effect the preparation and filing of a true record in this cause of all proceedings that might have been had in the State Court proceeding.

DATED: November 14, 2025

By: *s/ Charles C. Sipos*

Charles C. Sipos (SBN 348801)
CSipos@perkinscoie.com
Jonathan P. Hawley (SBN 319464)
JHawley@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

*Attorneys for Defendants*
*Internet Referral Services, LLC and*
*Red Dog Media, Inc.*